UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
TOSHIBA CORPORATION,                        :
                                            :
       Plaintiff-                          :
       Counterclaim Defendant,             :
                                            :
  v.                                        :    12 Civ. 0800 (DLC)
                                            :
AMERICAN MEDIA INTERNATIONAL, LLC,          :
                                            :
       Defendant-                          :
       Counterclaim Plaintiff              :
                                            :
------------------------------------------------------------x

# MEMORANDUM IN SUPPORT OF
# AMERICAN MEDIA INTERNATIONAL, LLC'S
# MOTION FOR RECONSIDERATION

BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, L.L.P
P.O. Box 26000
Greensboro, NC  27420-6000
Telephone:  336/373-8850

FRENCH & CASEY, LLP
29 Broadway, 27th Floor
New York, NY  10006
Telephone:  212/797-3544

## TABLE OF CONTENTS

   Page

RELEVANT PROCEDURAL HISTORY ............................................................................... 1

PRELIMINARY STATEMENT .............................................................................................. 1

    I.    The Court Overlooked Its Oral Discovery Orders ......................................... 2

    II.   The Court Mischaracterized AMI's Opposition
         Brief as Supporting Conversion Without Notice ........................................... 3

    III.  Controlling Decisions Preclude the Conversion of
         Toshiba's Motion to One for Summary Judgment ......................................... 4

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

Page

### Cases

*Gurary v. Winehouse*
    190 F.3d 37 (2d Cir. 1999) ............................................................................................. 5

*Hernandez v. Coffey*
    582 F.3d 303 (2d Cir. 2009) ........................................................................................... 4

*In re G. & A. Books*
    770 F.2d 288 (2d Cir. 1985) ........................................................................................... 6

*In re Subpoena Issued to Dennis Friedman*
    350 F.3d 65 (2d Cir. 2003) ............................................................................................. 2

*Sira v. Morton*
    380 F.3d 57 (2d Cir. 2004) ............................................................................................. 4

### Rules

Fed. R. Civ. P. 26 ........................................................................................................................ 2

Defendant-Counterclaim Plaintiff American Media International, LLC ("AMI") respectfully submits this memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." L. Civ. R. 6.3.

## RELEVANT PROCEDURAL HISTORY

On July 13, 2012, Toshiba Corporation ("Toshiba") filed a notice of a Rule 12(c) motion for judgment on the pleadings and supporting memorandum. (Docs. 25, 26). AMI timely filed an opposition brief and Toshiba timely replied. (Docs. 29, 32).

In its Opinion and Order filed September 4, 2012 ("Opinion and Order"), the Court *sua sponte* converted Toshiba's 12(c) motion for judgment on the pleadings into a motion for summary judgment. (Doc. 35). The Court then granted summary judgment in Toshiba's favor. (Doc. 35 at 18). At no time had AMI been allowed to conduct general discovery in this matter, discovery having been limited by the Court to a specific and limited exchange of information. It is inappropriate to grant summary judgment when the parties have not been allowed to conduct general discovery.

## PRELIMINARY STATEMENT

AMI was surprised by the Court's conversion of Toshiba's motion into one for summary judgment with no notice and no opportunity to have conducted general discovery. AMI also does not understand why the Court then faulted AMI for failing to comply with Rule 56, which Rule was not relevant until the Court *sua sponte* converted Toshiba's motion (and simultaneously granted such motion). AMI simply never had an opportunity to comply with Rule 56.

I.      **The Court Overlooked Its Oral Discovery Orders**

AMI submits that the Court has overlooked its May 4, 2012 oral discovery orders in the Opinion and Order.  In its opinion, the Court faults AMI for not requesting discovery after Toshiba produced offer letters in its May 15th letter.  (Doc. 35 at 7).  The Court also chastises AMI for failing to make "a targeted request for additional discovery or otherwise compl[y] with the requirements of Rule 56(d)."  (Doc. 35 at 17).  The Court further penalizes AMI for not offering "documents or testimonial evidence" and for not introducing evidence to suggest that Toshiba had violated the Most Favored Rates clause. (Doc. 35 at 8, 15).

As reflected in the Declaration of Carey R. Ramos, during the May 4, 2012 conference, the Court "directed counsel to meet and confer to agree upon <u>targeted discovery limited to the history of rate adjustments offered by Toshiba</u> since American Media International, LLC ('AMI') entered into the DVD Patent License Agreement with Toshiba. . . ." (Doc. 33 at Exh. A, p.1 of letter (emphasis added)).  The Court's oral in-chambers Order regarding the scope of discovery, as understood by counsel for both parties and reflected in the Opinion and Order, (Doc. 35 at 7), limited AMI's possible discovery to the topics set forth in Mr. Ramos' Declaration.

A litigant may conduct discovery only as and to the extent permitted by the Court. *See* FED. R. CIV. P. 26; *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds.").  In the in-chambers conference held with the Court on May 4, 2012, the Court declined to enter the joint Rule 26(f) Order proposed by

the parties. Instead, the Court directed the parties to engage in limited, targeted discovery, as described in Mr. Ramos' Declaration. <u>That is all the discovery that AMI was ever permitted to do</u>. It was AMI's clear understanding that, if the parties were unable to resolve this action through settlement discussions after the limited discovery, Toshiba could then file its Rule 12(c) motion; if the Rule 12(c) motion was denied, then the parties would be allowed to engage in general discovery.

AMI complied with the Court's directions regarding targeted discovery, and AMI responded to Toshiba's motion for judgment on the pleadings by, *inter alia*, noting that Toshiba was relying on external materials and was, in reality, pursuing a motion for summary judgment despite the lack of general discovery in this matter. Instead of denying Toshiba's motion, the Court penalized AMI for doing exactly what the parties had been directed to do.[1]

Toshiba, not AMI, has possession of the information relevant to AMI's defenses and counterclaims. AMI has been denied any opportunity to obtain such information. The Court erred in converting Toshiba's Rule 12(c) motion to one for summary judgment.

## II. The Court Mischaracterized AMI's Opposition Brief as Supporting Conversion Without Notice

In explaining its decision to convert Toshiba's motion for judgment on the pleadings into one for summary judgment, the Court stated, "[h]aving itself characterized

---

[1] If AMI had served general discovery in the face of the Court's leave to engage in only limited discovery, Toshiba would undoubtedly have objected and AMI would have been acting in violation of the Court's directions.

3

Toshiba's application as a motion for summary judgment, AMI can hardly object if it is treated as such." (Doc. 35 at 9). AMI's opposition brief, however, specifically <u>objected</u> that Toshiba was disguising a summary judgment motion as a motion for judgment on the pleadings, and that a summary judgment motion was premature given the lack of general discovery. (Doc. 29 at 11 n.6). When referring to summary judgment procedures, AMI was only directing the Court to the procedural flaws in Toshiba's motion. (Doc. 29 at 1, 8, 15-16). AMI never consented to the treatment of Toshiba's motion as one for summary judgment but specifically objected that Toshiba was engaging in such a maneuver.

### III. Controlling Decisions Preclude the Conversion of Toshiba's Motion to One for Summary Judgment

In support of its decision to convert Toshiba's motion into one for summary judgment, the Court cites two cases, *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009), and *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). Those cases do not support the conversion that occurred here.

*Hernandez* involved a *pro se* prisoner plaintiff and *reversed* the district court's conversion of a defendant's 12(c) motion into a motion for summary judgment. 582 F.3d at 309.

*Sira* similarly involved a prisoner plaintiff. The district court had denied a defensive motion for judgment on the pleadings after converting it to a motion for summary judgment, thereby *allowing the case to proceed to discovery*. 380 F.3d at 61, 68. The Second Circuit upheld the conversion because defendants—the parties *opposing*

4

the conversion—had attached reports, transcripts, and other documents to their motion, some of which were held to have not been incorporated in the complaint. *Id.* at 66-67. The Second Circuit also noted that the conversion in *Sira* did not "preclude[] the defendants from filing a further motion for summary judgment at the conclusion of discovery," *id.* at 68, in sharp contrast to the present case, where this Court's ruling has disposed of both Toshiba's and AMI's claims with finality.

AMI further invites the Court's attention to the following opinions: *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999), was relied on by *Sira*. In *Gurary*, the party who complained about the conversion was the party that submitted evidence outside the pleadings. 190 F.3d at 43 ("In this case, it was plaintiff who submitted the affidavit relied upon by the district court and who thus invited Judge Stanton to rely not only on the complaint, but upon the more elaborate explication of plaintiff's grievance contained in his affidavit. He certainly cannot be heard to claim that he was surprised when the district court accepted his invitation."). AMI has never submitted any such evidence.

In the present case, AMI was not able to submit any documents in support of its position, because such documents are in Toshiba's possession and this Court's orders precluded AMI from conducting general discovery. This is in further contrast to *Sira*, where the opponents to the conversion had submitted "extensive materials." *See id.* at 68 ("By attaching to their motion extensive materials that were not included in the pleadings, defendants plainly should have been aware of the likelihood of such a conversion.").

*In re G. & A. Books*, relied on by *Sira*, addressed conversions in the context of motions to dismiss. 770 F.2d 288, 295 (2d Cir. 1985). *G. & A. Books* upheld the conversion because the party opposing conversion

> had *ample opportunity to present relevant material outside the record in reply to [defendants]' submissions and did so*. Indeed, from the outset appellant itself submitted materials outside the record. Plaintiffs attached 14 exhibits containing factual materials, including the FEIS, to their complaint, and submitted affidavits and other documents relating to the merits both in support of their motion for a preliminary injunction and in opposition to defendants' motion to dismiss, which were simultaneously considered by the court. At a hearing on December 12, 1984, plaintiffs commented on the factual material provided by them and by defendants. After the hearing, on December 17, 1984, plaintiffs requested and received an extension of time, until December 31, 1984, to submit additional materials.

*Id*. (emphasis added).

Since Toshiba is in possession of information regarding the violations of the Licensing Agreement alleged by AMI, the Court has prevented AMI from the discovery that would allow it to determine the nature of Toshiba's violations and the proper amount of royalties owed.

## **CONCLUSION**

For the reasons set forth above, AMI respectfully requests that the Court reconsider its Opinion and Order filed September 4, 2012, deny Toshiba's motion for judgment on the pleadings, and permit further discovery.

Respectfully submitted this the 17th day of September, 2012.

/s/ Robert J. King III
Robert J. King III
N.C. State Bar:  15946
rking@brookspierce.com
Darrell A. Fruth
N.C. State Bar:  33418
dfruth@brookspierce.com
**BROOKS, PIERCE, MCLENDON,
   HUMPHREY & LEONARD, L.L.P**
P.O. Box 26000
Greensboro, NC  27420-6000
Telephone:  336/373-8850

Joseph French
New York Bar (JAF3580)
JFrench@frenchcasey.com
**French & Casey, LLP**
29 Broadway, 27th Floor
New York, NY  10006
Telephone:  212/797-3544

*Attorneys for American Media
International, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF AMERICAN MEDIA INTERNATIONAL, LLC'S MOTION FOR RECONSIDERATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants.

This the 17th day of September, 2012.

/s/Robert J. King III<br>
Robert J. King III